**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10409 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01966-JGZ-JR-2 |
| v. | |
| LESTER LEONARD LOPEZ, AKA Lester Lopez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Lester Leonard Lopez appeals from the district court's judgment and challenges the sentence of 10 months and 33 days imposed upon revocation of probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez challenges the 33-day official detention adjustment applied by the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court pursuant to U.S.S.G. § 7B1.3(e). His arguments lack merit. Contrary to Lopez's contention, section 7B1.3(e) is not in conflict with 18 U.S.C. § 3585(b). The former is a Guidelines policy statement that the district court is required to consider in imposing a revocation sentence, *see* 18 U.S.C. § 3553(a)(4)(B), while the latter is a directive to the Attorney General that does not apply at sentencing. *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992). Moreover, section 7B1.3(e) does not violate the Equal Protection Clause because revoked probationers are not similarly situated to defendants being sentenced for their underlying conviction for the first time. *See Mayner v. Callahan*, 873 F.2d 1300, 1301 (9th Cir. 1989) ("The equal protection clause directs that all persons similarly circumstanced shall be treated alike.") (internal quotations omitted)).

**AFFIRMED.**